UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20919-CIV-GRAHAM/GOODMAN
(CASE NO. 94-cr-00131-CR-GRAHAM)

JAIRO A. ARANA MARIA,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER QUASHING WRIT OF HABEAS CORPUS**

***AD TESTIFICANDUM*, RESCHEDULING EVIDENTIARY**

<u>**HEARING, AND REQUIRING SUPPLEMENTAL MEMORANDA**</u>

THIS CAUSE is before the Court on Movant Jairo Arana Maria's Motion to Cancel Writ of Habeas Corpus *Ad Testificandum* Due to Movant's Ongoing Treatment Program at FCI Miami. (DE# 12.) Movant's motion is **GRANTED IN PART** and **DENIED IN PART** as described below. The parties are also **ORDERED** to file supplemental memoranda as directed below within **FOURTEEN DAYS** of this order.

**I. DISCUSSION**

In his § 2255 petition, Movant raises multiple claims, including that he received ineffective assistance of appellate counsel when his appellate counsel did not file a timely notice of appeal. (DE# 1.) The government responded to Movant's petition by asking the Court to hold an evidentiary on this claim before considering the other claims. (DE# 9.) The government contends that, if the Court finds in Movant's favor on his ineffective assistance of appellate counsel claim, then the Court should vacate Movant's sentence

1

and re-impose an identical sentence. This procedure would restart Movant's time to appeal his sentence.

On October 13, 2011, the Undersigned granted the government's motion and scheduled an evidentiary hearing solely on Movant's ineffective assistance of appellate counsel claim for November 16, 2011. (DE# 10.) The Undersigned simultaneously also issued a writ of habeas corpus *ad testificandum*, directing the government to transport Movant to court for the hearing. (D# 11.)

Movant subsequently filed his motion to cancel the writ and to waive his appearance at the evidentiary hearing or, in the alternative, to reschedule the hearing until he is released from prison in February 2012. (DE# 12.) Movant states that he is presently completing a substance abuse treatment program at FCI Miami and contends that, if he were required to attend the hearing as scheduled, his participation in the program would be terminated and this will delay his release by up to a year. Movant advises that he will be released into a halfway house in February 2012 if he successfully completes the substance abuse program.

Movant further contends that his presence is not necessary at the hearing because he does not intend to contradict any representation by his former appellate counsel regarding "their misunderstanding of the deadline for filing a notice of appeal and that it was counsel's intention to file an appeal." (DE# 12, ¶ 3.) Movant's counsel conferred with the government prior to filing the motion and relays that the government does not oppose continuing the hearing until February 2012 but does oppose quashing the writ and waiving Movant's appearance at the hearing.

The Undersigned believes that Movant's presence at an evidentiary hearing on this matter is necessary. It is clearly the case that testimonial evidence is necessary to evaluate Movant's ineffective assistance of appellate counsel claim. While Movant may not intend to contradict his former appellate counsel's representations at this time, the Court currently has no evidence before it regarding what, if anything, his former appellate counsel will testify about. Perhaps former counsel will fail to recollect anything material while testifying or perhaps his testimony will ultimately be different or less beneficial to Movant's claim than Movant expects. The Court does not desire to be in the position of having to reschedule another evidentiary hearing to allow Movant to testify later.

As a corollary, the Court wishes to preserve the option for Movant to testify, if he so chooses. Neither the Court nor Movant is yet in a position to evaluate the perceived credibility of former appellate counsel's evidentiary hearing testimony. This is true regardless of whether the content of this future testimony completely supports Movant's case. The Court emphasizes that, at this stage, it certainly has no reason to suspect that former appellate counsel's testimony will be anything other than entirely credible. But, nonetheless, Movant's testimony could conceivably be necessary to support former appellate counsel's testimony and, if Movant chooses to testify, the Court would certainly entertain the opportunity to evaluate Movant's own recollection and credibility regarding this issue. There is also the possibility that the government will offer its own evidence and that Movant determines his testimony is required to rebut that evidence.

## II. CONCLUSIONS ON MOVANT'S MOTION

Consequently, it is hereby **ORDERED and ADJUDGED** that Movant's motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) The previously issued writ of habeas corpus **ad testificandum** (DE# 11) is **QUASHED**.  Unless it receives another lawful order directing otherwise, Movant's custodian is **ORDERED** not to transfer him from its custody for the purposes of attending a hearing in the Undersigned's courtroom on November 26, 2011.

(2) The evidentiary hearing previously scheduled for November 26, 2011 is **CANCELLED**.

(3) Movant's request to waive his appearance at an evidentiary hearing on this matter is **DENIED**.

(4) The evidentiary hearing is **RESCHEDULED** for Thursday, **February 23, 2012, at 10:00 a.m.** on the fourth floor of the C. Clyde Atkins Building and United States Courthouse, 301 N. Miami Avenue, Miami, Florida.

(5) If Movant is still in custody at the time of the rescheduled hearing, then Movant's attorney must file a motion for a writ of habeas corpus *ad testificandum* no less than **5 weeks** before the rescheduled hearing date.  If Movant's confinement circumstance does not require the issuing of a writ to ensure his presence at the rescheduling hearing, then 5 weeks before the rescheduled hearing Movant's counsel must file a notice with the Court attesting to that fact and detailing his efforts to confirm the information in the notice.

### III. SUPPLEMENTAL MEMORANDA REGARDING MOOTNESS

The Court notes that in some, but not all, circumstances, the release of a prisoner can moot his § 2255 motion. The Eleventh Circuit recently noted that the mootness doctrine, for instance, does not bar a § 2255 after release where a former prisoner is on supervised release and a favorable adjudication of his motion would alter the term of that supervised release. *Cleckler v. United States*, 410 F. App'x 279, 283 (11th Cir. 2011). Another situation where a former prisoner's § 2255 motion is not mooted by release is where the former prisoner continues to suffer collateral consequences as a result of his conviction. *Id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 7-9 (1998)).

The information presently before the Court is insufficient to demonstrate whether a delay in the hearing on the ineffective assistance of appellate counsel claim will affect Movant's ability to obtain relief. It is therefore also **ORDERED and ADJUGED** that the parties shall file a brief memorandum within **fourteen days** of this order, explaining their position on whether Movant's release will moot any or all of his claims. The Court does not know Movant's specific, anticipated release date and so it also does not know if Plaintiff will be released before or after the rescheduled hearing date. Regardless, the parties should assume in their memoranda that the practical realities of the situation (i.e., the report and recommendations and objections process) will delay a

final decision on all of Movant's claims until after February 2012.

        **DONE AND ORDERED** in Chambers, at Miami, Florida, October 18, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**<u>Copies furnished to:</u>**

Hon. Donald Graham

Counsel of Record

Warden
Federal Correction Institution – Miami (Miami FCI)
15801 S.W. 137th Avenue
Miami, FL 33177

The United States Marshal